Filed 6/30/22  P. v. Mayorga CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DAVID THOMAS MAYORGA,<br><br>    Defendant and Appellant. | F083182<br><br>(Super. Ct. No. F21902680)<br><br>**OPINION** |

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Heather Mardel Jones, Judge.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Sally Espinoza, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Detjen, J. and Peña, J.

Appointed counsel for defendant David Thomas Mayorga asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant responded, contending (1) defense counsel did not explain his plea agreement and (2) his on-bail enhancement was imposed improperly because the offense from which he was out on bail was reduced to a misdemeanor. After requesting supplemental briefing from the parties, we vacate the sentence, strike the methamphetamine weight allegation and the on-bail allegation, and remand for resentencing. In all other respects, we affirm.

## BACKGROUND

On April 2, 2021, at about 12:32 a.m., a sheriff's deputy observed defendant entering a convenience store. The deputy knew defendant was on probation, and the deputy detained defendant without incident. As the deputy approached defendant's vehicle, his girlfriend started to cry and told the deputy she and defendant were not supposed to be together because of a protective order that prohibited defendant from being with her.

The deputy asked the girlfriend to exit the vehicle and then he searched the vehicle. In the girlfriend's purse, he found two large clear plastic bags with a total weight of 106 grams of methamphetamine. He also found a digital scale with white residue in her purse and another digital scale in the vehicle.

After receiving his *Miranda*[1] rights, defendant told the deputy he was aware of the protective order, but he and his girlfriend were in love and living together. The deputy searched him and found $808 in cash on his person. Defendant admitted the drugs in his girlfriend's purse were his. He said he had just bought the drugs and he got nervous when he saw the patrol vehicle behind him, so he gave the drugs to his girlfriend. He

---

[1]    *Miranda v. Arizona* (1966) 384 U.S. 436.

2.

denied he was selling the drugs. He claimed the $808 was from a job and the pay stub was in his wallet, but the deputy could not find it. A motel key was found in defendant's pocket. Defendant was transported to the jail for booking.

The girlfriend told the deputy she had been seeing defendant because she loved him. She said she accompanied him while he bought the methamphetamine that night. When he saw the patrol car, he became nervous and handed her the drugs, asking her to hide them in her purse.

Deputies went to defendant's motel room and found a large number of clear plastic baggies.

On April 5, 2021, the Fresno County District Attorney charged defendant with transportation of methamphetamine for sale (Health & Saf. Code, § 11379, subd. (a); count 1), possession of methamphetamine for sale (Health & Saf. Code, § 11378; count 2), and misdemeanor contempt of court for disobeying a domestic violence protective or stay-away order (Pen. Code, § 166, subd. (c)(1);[2] count 3). The complaint further alleged as to counts 1 and 2 that defendant possessed a large amount (28.5 grams or more) of methamphetamine (former § 1203.073, subd. (b)(2)), and committed the offenses while out on bail (§ 12022.1).

On May 10, 2021, defendant pled no contest to count 1 and admitted the weight allegation and the on-bail allegation in exchange for a maximum lid of five years in jail.

On June 14, 2021, the trial court sentenced defendant to five years in jail on count 1 as follows: the middle term of three years, plus a consecutive two-year on-bail enhancement. The court awarded credits and imposed a restitution fine. The court gave credit for time served on defendant's two misdemeanor cases.

On August 13, 2021, defendant filed a notice of appeal.

---

**2** All statutory references are to the Penal Code unless otherwise noted.

## DISCUSSION

### I.    Senate Bill No. 73

The parties agree, as do we, that Senate Bill No. 73 (2021–2022 Reg. Sess.) (Senate Bill 73) applies here (see *In re Estrada* (1965) 63 Cal.2d 740, 744), but they disagree whether remand for resentencing is necessary.  The People argue that remand is unwarranted because the trial court made clear it would not grant probation even if it could.  We conclude remand is appropriate.

Former section 1203.073, subdivision (b)(2) provided:  "Except as provided in subdivision (a), probation shall not be granted to, nor shall the execution or imposition of sentence be suspended for … [¶] … [¶] … [a]ny person who is convicted of violating Section 11378 of the Health and Safety Code by possessing for sale, or Section 11379 of the Health and Safety Code by selling a substance containing 28.5 grams or more of methamphetamine or 57 grams or more of a substance containing methamphetamine."  Thus, until Senate Bill 73 repealed section 1203.073, effective January 1, 2022, the trial court had no discretion to impose probation for persons convicted of violating Health and Safety Code section 11378 except "in an unusual case where the interests of justice would be best served."  (Former § 1203.073, subds. (a) & (b)(2); Stats. 2021, ch. 537, § 4.)  Now we must strike the weight allegation (see *People v. Almanza* (2018) 24 Cal.App.5th 1104, 1109), which can no longer preclude the trial court from exercising its discretion to grant probation.

" 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court.  [Citations.]  A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.'  [Citation.]  In such circumstances … the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware

4.

that it had such discretion.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391; *People v. McDaniels* (2018) 22 Cal.App.5th 420, 425 [" '[W]hen the record shows that the trial court proceeded with sentencing on the … assumption it lacked discretion, remand is necessary so that the trial court may have the opportunity to exercise its sentencing discretion at a new sentencing hearing….' But if ' "the record shows that the trial court would not have exercised its discretion even if it believed it could do so, then remand would be an idle act and is not required." ' "]; *People v. Almanza*, *supra*, 24 Cal.App.5th at p. 1105 [if the retroactive application of the amendment "gives a trial court discretion to reconsider imposing a lower sentence than one previously imposed, it is the usual custom for an appellate court to remand the case to the trial court"].)

At the sentencing hearing in this case, the trial court noted that defendant was ineligible for probation pursuant to section 1203.073, subdivision (b)(2), then also noted defendant had committed multiple domestic violence offenses, his past performance on probation was unsatisfactory, he was on probation when he committed the current offense, and his prior convictions as an adult were numerous and of increasing seriousness. The court also noted defendant acknowledged his wrongdoing at an early stage of the criminal process. While the record may *suggest* the trial court would not have granted probation if it had not been constrained by former section 1203.073, subdivision (b)(2), we cannot say the record clearly indicates it would not have done so. Under these circumstances, remand is appropriate.

## II.     On-Bail Allegation/Enhancement

Defendant correctly asserts, and the parties agree, that his on-bail enhancement was improperly based on a misdemeanor conviction. Section 12022.1, subdivision (b) provides: "Any person arrested for a secondary offense that was alleged to have been committed while that person was released from custody on a primary offense shall be subject to a penalty enhancement of an additional two years, which shall be served consecutive to any other term imposed by the court." Subdivisions (a)(1) and (a)(2) of

section 12022.1 state that both the primary and secondary offenses must be felonies.  In this case, defendant pled to his primary offense as a misdemeanor.  The on-bail allegation must be stricken.

## III.    Conclusion

Having undertaken an examination of the entire record, we find no evidence of other arguable errors.  The record does not contain evidence that defense counsel failed to adequately explain the plea bargain to defendant.  But if defendant possesses information outside the record that supports this claim, he may raise the claim by way of a writ of habeas corpus.

### DISPOSITION

The sentence is vacated.  The methamphetamine weight allegation (former § 1203.073, subd. (b)(2)) and the on-bail allegation (§ 12022.1) are stricken.  The matter is remanded for resentencing in light of the trial court's new discretion to consider granting probation.  The judgment is affirmed in all other respects.